IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Jeffrey Minnish, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Northstar Location Services, LLC;, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Jeffrey Minnish, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq. and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jeffrey Minnish ("Plaintiff"), is an adult individual residing in Holly Springs, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street, Buffalo, New York 14225-1943, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff incurred a financial obligation in the approximate amount of $2,100 (the "Debt") to Juniper (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

10. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

11.     Northstar called to Plaintiff's ex-wife, a third party, and informed her of Plaintiff's Debt and discussed the Debt with her.

12.     Northstar erroneously informed Plaintiff's ex-wife that Plaintiff gave Northstar permission to contact her.

13.     In September, 2010, Northstar threatened to take legal action against Plaintiff in an attempt to collect the Debt. No such action has been taken to date.

14.     Northstar failed to send Plaintiff a "30-Day Validation Notice."

### C. Plaintiff Suffered Actual Damages

15.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

19. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice stating the amount of the Debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

25. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT,
### N.C. Gen.Stat. § 75-50, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

31. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

32. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

33. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant actions which it knew the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

34. The Defendant's conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendants unreasonably publicized information regarding a consumer's debt by communicating with a person other than the Plaintiff or his attorney.

35. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendants falsely represented the character, extent, or amount of a debt against the Plaintiff or of its status in legal proceeding.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

40. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

41. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the reckless, and/or negligent FDCPA violationsin an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 6, 2011

        Respectfully submitted,

        By  /s/ Stacie Watson

        Stacie Watson, Esq.
        Law Office of Stacie Watson.
        P.O. Box 1412
        Apex, North Carolina 27502
        Telephone: (919) 522-6128
        Facsimile:  (919) 439-5308
        Email: swatsonattorney@bellsouth.net
        Attorneys for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (888) 953-6237